# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHANE A. CARTER, a/k/a SHANE A. BEAN, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. _____ |
| v. | ) JURY OF 12 DEMANDED |
| QBE FIRST INSURANCE AGENCY, INC., Fmr. STERLING NATIONAL INSURANCE AGENCY, INC., and, WARDLAW, INC., and EMPIRE FIRE AND MARINE INSURANCE COMPANY, | ) (Removed from Davidson County<br>) Circuit Court, Cause No. 11C1642) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants QBE FIRST Insurance Agency, Inc. ("QBE FIRST") and Empire Fire and Marine Insurance Company ("Empire") hereby give notice of their removal of this action, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, from the Circuit Court for Davidson County, Tennessee to this Court. In support of this removal, QBE FIRST and Empire state as follows.

1. On April 29, 2011, Plaintiff filed a Complaint against Defendants in the Circuit Court for Davidson County, Tennessee (cause no. 11C1642) and subsequently served the Complaint on QBE FIRST on or about May 3, 2011 and served the Complaint on Empire on or about May 5, 2011.

2. Pursuant to 28 U.S.C. Section 1332, this Court has original jurisdiction over the subject matter of this action, as this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. Plaintiff is a resident of the state of Tennessee. Complaint ¶ 2.

4. Defendant QBE FIRST is a California corporation. Although QBE FIRST is registered and licensed to do business in Tennessee, Defendant QBE FIRST is not now and has never been a Tennessee corporation. The principal place of business of QBE FIRST is in California and is not located in Tennessee. Affidavit of James P. Novak ("Novak Aff.") at ¶ 3, attached hereto as **Exhibit 1**.

5. Defendant QBE FIRST is formerly known as Sterling National Insurance Agency, Inc. Defendant QBE FIRST is in the process of submitting the necessary filings to complete the name change. Novak Aff. at ¶ 4.

6. Defendant QBE FIRST is a Program Manager for Defendant Empire Fire and Marine Insurance Company. Defendant Empire Fire and Marine Insurance Company is a Nebraska corporation. Defendant Empire Fire and Marine Insurance Company is not a Tennessee corporation. The principal place of business of Empire Fire and Marine Insurance Company is not located in Tennessee. Novak Aff. at ¶ 5.

7. Defendant Wardlaw Claims Service, Inc.[1] is a Texas corporation, as alleged by Plaintiff in her Complaint. Complaint ¶ 5.

8. Consequently, complete diversity exists between Plaintiff and Defendants pursuant to 28 U.S.C. Section 1332.

9. Moreover, the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs. Complaint Prayer ¶¶ 2-8 & 12.[2]

---

[1] Plaintiff refers to Defendant Wardlaw Claims Service, Inc. as "Wardlaw, Inc." in the style of the Complaint, but states the full name of that entity in Paragraph 5 of the Complaint.

[2] The Prayer in the Complaint includes paragraphs numbered 1-8 and 12-13. There are no paragraphs number 9 through 11 in the Prayer in the Complaint.

10. The damages sought by Plaintiff must be aggregated for purposes of determining the amount in controversy. See Hunt v. Washington Apple Adver. Comm'n, 423 U.S. 333, 347 (1977); Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975); Goldsmith v. Sutherland, 426 F.2d 1395, 1398 (6th Cir. 1970). In addition, it is "well established that an individual plaintiff's causes of action can be aggregated to satisfy the jurisdictional amount requirement." Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 232 (6th Cir. 1997) (citation omitted).

11. Plaintiff's Complaint seeks damages, including, among other things, (a) $350,000.00 for Plaintiff's alleged breach of contract claim; (b) $350,000.00 for Plaintiff's alleged negligence claim; (c) $350,000.00 for Plaintiff's alleged breach of fiduciary duty claim; (d) treble actual damages in an amount of not less than $500,000.00 for Plaintiff's alleged tortious interference with contract claim; and (e) treble actual damages in an amount of not less than $1,000,000.00 for Plaintiff's alleged civil conspiracy claim. Complaint Prayer ¶¶ 2-3, 5-8.

12. Plaintiff's Complaint also seeks penalties under Tennessee Code Annotated Section 56-7-105. Complaint Prayer ¶ 3. This amount, although not specified in the Complaint, must be aggregated with other amounts and confirms that Plaintiff seeks damages in excess of $75,000.00.

13. Plaintiff's Complaint also seeks punitive damages. Complaint Prayer ¶¶ 3 & 4. This amount, although not specified in the Complaint, must be aggregated with other amounts and confirms that Plaintiff seeks damages in excess of $75,000.00.

14. Additionally, Plaintiff's Complaint seeks attorney's fees and costs. Complaint Prayer ¶¶ 3, 4, & 12. This amount, although not specified in the Complaint, must be aggregated with other amounts and confirms that Plaintiff seeks damages in excess of $75,000.00 because

Plaintiff has asserted a claim under the Tennessee Consumer Protection Act. Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007).

15. The allegations in the Complaint show that Plaintiff seeks recovery of an amount far in excess of $75,000.00, exclusive of interest and costs.

16. This action involves a controversy between citizens of different states and involves an amount in controversy over $75,000.00 and is therefore removable to this District Court on diversity grounds pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

17. True and correct copies of the Summonses and Complaint with exhibits, which are all process, pleadings, and orders received by Defendants QBE FIRST and Empire as of the date of filing this Notice of Removal, are attached hereto as **Collective Exhibit 2**.

18. This Notice is being filed within 30 days after receipt by Defendants QBE FIRST and Empire of a copy of the Complaint. The Complaint and Summons in this case were served on QBE FIRST on May 3, 2011, and were served on Empire on May 5, 2011. This Notice is being filed within 30 days after both of those dates. Accordingly, this Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. Section 1446(b).

19. Defendants QBE FIRST and Empire are not aware that Wardlaw Claims Service, Inc. has been served with process. Counsel for Defendants QBE FIRST and Empire checked the state court case docket immediately prior to filing this Notice of Removal and did not see any indication that Wardlaw has been served with process in this action.

20. Written notice of the filing of this Notice of Removal and copy of same were mailed to Plaintiff's counsel and filed with the Clerk of the Davidson County Circuit Court on this 10th day of May, 2011.

WHEREFORE, Defendants QBE FIRST and Empire respectfully give notice of their removal of this action to the United States District Court for the Middle District of Tennessee.

Dated: May 10, 2011.

Respectfully submitted,

*[signature]*

Andrew J. Pulliam (Bar No. 16863)
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Telephone: (615) 244-0020
Fax: (615) 256-1726

*Counsel for Defendants QBE FIRST Insurance Agency, Inc. f/k/a Sterling National Insurance Agency, Inc., and Empire Fire and Marine Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2011, a true and correct copy of the foregoing was served by first class mail, postage prepaid, on James D. R. Roberts, Jr., Esq., Roberts & Layman, 1700 Hayes Street, Suite 303, Nashville, Tennessee 37203, Counsel for Plaintiff.

*[signature]*

Andrew J. Pulliam

45414394.1